IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OREN JAMES JONES (TDCJ No. 1632157), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:14-cv-3759-P-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Oren James Jones, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the application should be dismissed on limitations grounds pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Background**

This Court previously set out the background of Petitioner's five state-court convictions:

> Petitioner was convicted of aggravated sexual assault of a child and sentenced to 60 years' imprisonment. *State v. Jones*, No. F08–39366 (194th Judicial District Court, Dallas County, Mar. 16, 2010), *aff'd*, No. 05–10–00434–CR, 2012 WL 130612 (Tex. App. – Dallas Jan.18, 2012, pet ref'd). Following sentencing, Petitioner pled guilty (pursuant to plea agreements) to three indictments charging sexual assault of a child, and a fourth indictment charging indecency with a child, and was sentenced to 10 years' imprisonment to run concurrently with each other and with the 60–year sentence. *State v. Jones*, Nos. F08–39365, F08–39368,

-1-

>F08–39369, F08–39372 (194th Judicial District Court, Dallas County, Mar. 16, 2010). Petitioner did not appeal following his guilty plea convictions, and the Texas Court of Criminal Appeals denied his state habeas applications. *See Ex parte Jones*, Nos. WR–77,093–01 through –04 at Action Taken Sheet (Tex. Crim. App. Mar. 21, 2012) (denying applications without written order on trial court's findings).

*Jones v. Thaler*, Nos. 3:12-cv-1265-N-BK, 3:12-cv-1266-N, 3:12-cv-1268-N, & 3:12-cv-1269-N, 2013 WL 2473512, at *1 (N.D. Tex. June 7, 2013) (footnote omitted).

In that habeas proceeding, the Court only addressed Petitioner's claims in the context of his guilty-plea convictions, denying habeas relief on the merits. After providing the warnings required by *Castro v. United States*, 540 U.S. 375, 377 (2003), the Court allowed Petitioner to withdraw the claims in his consolidated petitions related to his aggravated sexual assault conviction in Case No. F08–39366, direct review of which was not yet final at the time his federal petition was brought, *see id.* at *2, but explicitly warned Petitioner, as to any future federal habeas petition concerning that conviction,

>that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Therefore, Petitioner should be diligent in seeking habeas corpus relief in both state and federal court with respect to his aggravated sexual assault conviction, if he chooses to do so.

*Id.* at *2 n.3.

The habeas application now before the Court concerns the aggravated sexual assault conviction. *See* Dkt. No. 3 at 2-4. As to that conviction, the current federal petition plainly reflects that the conviction was affirmed on direct appeal on August

17, 2012, a petition for discretionary review was refused, and no petition for a writ of certiorari with the United States Supreme Court was filed. *See id.* at 3. The federal petition also plainly reflects that post-conviction relief in the state courts was sought as to this conviction and that the Texas Court of Criminal Appeals ultimately denied Petitioner's state writ application without written order on July 24, 2013. *See id.* at 3-4.

Petitioner affirms that the current federal habeas petition was presumptively filed – placed in the prison mailing system – on October 15, 2014. *See id.* at 11.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new, reliable evidence sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup,* 513 U.S. at 329).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate

the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5 th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the ed States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

### Analysis

Even assuming that the AEDPA's one-year limitations period did not start to run until the Texas Court of Criminal Appeals denied Petitioner's state writ application on July 24, 2013, absent tolling of the limitations period, Petitioner's federal habeas application, dated October 15, 2014, is untimely by more than two months.

Petitioner does not attempt to excuse this delay or assert "actual innocence". Instead, under the heading "Timeliness of Petition," *see* Dkt. No. 3 at 10, Petitioner merely alleges that the ineffectiveness of his previous counsel prevented him from obtaining his client files and court records.

This does not explain why the current application was not timely filed, particularly considering Petitioner's proven ability to timely prosecute *pro se* collateral attacks on his four, related state-court convictions. *See generally Jones v. Thaler*, No. 3:12-cv-1265-N-BK (N.D. Tex.); *compare id.*, Dkt. No. 24 (Petitioner's March 31, 2014

correspondence to United States Magistrate Judge Renee Harris Toliver complaining that he "never received any paper work " but acknowledging that his "last case [ ] is due by next month[,] April 2014. I was sentenced to 60 years' imprisonment. (State v. Jones No. F08-39366..."), *with id.*, Dkt. No. 25 (order construing correspondence as a motion, denying it without prejudice as premature, and also noting that "Petitioner is not entitled to a free copy of the trial transcripts to prepare the habeas petition challenging his aggravated sexual assault conviction" (citations omitted)).

As the record in Case No. 3:12-cv-1265-N-BK (N.D. Tex.) reflects, Petitioner knew in March 2014 – prior to the expiration of the limitations period in this case – that the deadline to timely file this petition was soon approaching. And, as the Court told Petitioner then, he was not entitled to, for example, a trial transcript to prepare this petition, and the receipt of state-court records or his client files certainly was not needed to timely file this petition.

Accordingly, Petitioner has not shown that rare or exceptional circumstances require that the Court equitably toll the AEDPA's statute of limitations.

Thus, without proof of actual innocence or a basis for equitable or statutory tolling, Petitioner's writ must be dismissed as untimely. *Cf. Hubbard v. Martinsville Circuit Court*, No. Civ. A. 7:05CV00531, 2005 WL 2334677, at *1 (W.D. Va. Sept. 23, 2005) ("Because Hubbard filed this petition more than three months after the one-year period of limitation expired, and since Hubbard has not demonstrated any grounds for tolling the one-year period, Hubbard's petition is untimely. Accordingly, the petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases."

(footnote omitted)).

## Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 7, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE